Slip Op. 23-51

## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| **SXP SCHULZ XTRUDED PRODUCTS LLC,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**UNITED STATES,**<br><br>    **Defendant.** | **Before: Jennifer Choe-Groves, Judge**<br><br>**Court No. 22-00136** |

## <u>OPINION AND ORDER</u>

[Granting Defendant's motion to dismiss for lack of subject matter jurisdiction.]

Dated:  April 19, 2023

<u>Lawrence M. Friedman</u> and <u>Meaghan Elizabeth Vander Schaaf</u>, Barnes, Richardson & Colburn, LLP of Chicago, IL, for Plaintiff SXP Schulz Xtruded Products LLC.

<u>Aimee Lee</u>, Assistant Director, <u>Guy Eddon</u>, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, N.Y.  With them on the brief were <u>Brian M. Boynton</u>, Principal Deputy Assistant Attorney General, <u>Patricia M. McCarthy</u>, Director, and <u>Justin R. Miller</u>, Attorney-in-Charge, International Trade Field Office.  Of counsel on the brief were <u>Kenneth Kessler</u>, Senior Counsel, Office of the Chief Counsel, U.S. Department of Commerce, and <u>Mathias Rabinovitch</u>, Office of the Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection, of New York, N.Y.

Choe-Groves, Judge:  Plaintiff SXP Schulz Xtruded Products LLC

("Plaintiff" or "SXP") filed this action pursuant to the Court's residual jurisdiction

under 28 U.S.C. § 1581(i), seeking a refund of duties imposed under Section 232

of the Trade Act of 1974 ("Section 232 duties").  SXP alleges that a refund of the

Section 232 duties is warranted because U.S. Customs and Border Protection

("Customs") failed to apply a granted exclusion from Section 232 duties to its

entries of the imported subject merchandise at liquidation.  SXP contends that due

to a series of errors by the U.S. Department of Commerce's ("Commerce") Bureau

of Industry and Security ("BIS") that resulted in the delayed issuance of a correct

exclusion order, SXP was unable to exercise its right to file protests with Customs.

Notably, SXP filed a timely protest with respect to one entry and received a refund

for Section 232 duties paid.  As to the remaining four entries of subject

merchandise, SXP could have filed timely protests with Customs.  If Customs had

denied the protests, SXP could have sought relief in this Court by invoking

jurisdiction under 28 U.S.C. § 1581(a).  SXP did not file timely protests with

respect to the four entries.

Before the Court is Defendant United States' ("Defendant") Motion to

Dismiss.  Def.'s Mot. Dismiss ("Def.'s Mot."), ECF No. 17.  Plaintiff filed this

action pursuant to 28 U.S.C. § 1581(i) contesting the final agency action of

Commerce with respect to an exclusion under Section 232 and seeking a refund of

$343,193.50 paid in duties.  See Compl. at 1, ECF No. 2.  Defendant filed its

Motion to Dismiss pursuant to USCIT Rules 12(b)(1) and 12(b)(6) for mootness,

lack of subject matter jurisdiction, or failure to state a claim for which relief can be granted on October 6, 2022.  Def.'s Mot.; Def.'s Mem. Supp. Mot. Dismiss ("Def.'s Mem."), ECF No. 17.  Plaintiff filed Plaintiff's Response to Defendant's Motion to Dismiss on December 19, 2022.  Pl.'s Resp. Def.'s Mot. Dismiss ("Pl.'s Resp."), ECF No. 20.  Defendant filed Defendant's Reply Memorandum in Further Support of its Motion to Dismiss on January 27, 2023.  Def.'s Reply Mem. Supp. Mot. Dismiss ("Def.'s Reply"), ECF No. 21.

Plaintiff filed its Motion for Leave to File a Sur-Reply to Clarify the Record on February 24, 2023.  Pl.'s Mot. Sur-Reply Clarify Record ("Plaintiff's Motion" or "Pl.'s Mot."), ECF No. 22; Pl.'s Sur-Reply Clarify Record ("Plaintiff's Sur-Reply" or "Pl.'s Sur-Reply"), ECF No. 22-1.  Defendant did not file a response to Plaintiff's Motion for Leave to File a Sur-Reply but advised that Defendant does not consent to the request and defers to the Court's discretion.  Id. at 1–2.

For the following reasons, the Court grants Defendant's Motion to Dismiss for lack of subject matter jurisdiction, grants Plaintiff's Motion for Leave to File a Sur-Reply, and deems Plaintiff's Sur-Reply filed.

## BACKGROUND

### A.  SXP's Entries

SXP requested an exclusion under request number 19456 for Super Duplex Stainless Steel UNS S32750 forged and turned bars suitable for use as raw material

for producing billet for pipe extrusion for Entry Numbers, U51-3078786-9 ("Entry

1"), U51-3079083-0 ("Entry 2"), U51-3079254-7 ("Entry 3"), U51-3079442-8

("Entry 4"), and U51-0000570-6 ("Entry 5").[1]  Compl. at 2–3.  The Parties agree

that SXP did not file timely protests for Entries 1 to 4, but SXP filed a timely

protest only for Entry 5.  Order (Oct. 11, 2022), Court No. 21-00597, ECF No. 10.

The following chart denotes the relevant dates with respect to each of the five

entries:

| Entry | Entry No. | Date of Entry | Date of Liquidation | End of 180-day Protest Period (Date of Final Liquidation) | Filing of Protest (11/4/2020) Number of Days After Liquidation |
|---|---|---|---|---|---|
| 1 | U51-3078786-9 | 4/30/2019 | 3/27/2020 | 9/23/2020 | 222 |
| 2 | U51-3079083-0 | 5/6/2019 | 3/27/2020 | 9/23/2020 | 222 |
| 3 | U51-3079254-7 | 5/12/2019 | 4/10/2020 | 10/7/2020 | 208 |
| 4 | U51-3079442-8 | 5/21/2019 | 4/17/2020 | 10/14/2020 | 201 |
| 5 | U51-0000570-6 | 6/15/2019 | 5/8/2020 | 11/4/2020 | 180 |

As noted on the chart above, SXP made five entries of subject merchandise

between April 30, 2019, and June 15, 2019.  SXP filed a request for Section 232

exclusions pertaining to the five entries on April 26, 2019, which Commerce

---

[1]  Plaintiff's Complaint incorrectly states 19556 as the exclusion number.  Compl. at 2.  Defendant correctly states 19456 as the exclusion number, which it indicates in its Administrative and Judicial Timeline.  Def.'s Mem. at 5–6.  Plaintiff does not contest Defendant's Administrative and Judicial Timeline.  Pl.'s Resp. at 1; see Def.'s Mem. at 5–8.

denied.  On September 4, 2019, SXP filed a second Section 232 exclusion request

that was granted by Commerce on October 18, 2019.  In the October 18, 2019

decision memorandum ("First Decision Memo") that granted the exclusion request,

Commerce included an incorrect submission date of September 4, 2019 (the filing

date of the second exclusion request), rather than the correct date of April 26, 2019

(the filing date of the first exclusion request).  Def.'s Mem. at 5.

SXP sought a corrected exclusion decision memo from Commerce.  Id.

While the exclusion request was pending (and before a second, corrected decision

memorandum was issued by Commerce), Customs liquidated SXP's five entries

between March 27, 2020 and May 8, 2020.  Id.

On May 8, 2020, Commerce issued a revised decision memorandum

("Second Decision Memo"), in which Commerce fixed the submission date by

changing it to April 26, 2019, but made a new error by reversing the supplier

countries denoted as Germany and Austria.[2]  Def.'s Mem. at 5–6; Compl. at 2, Ex.

1, ECF No. 2-1.  SXP sought a corrected decision memo from Commerce.  Def.'s

Mem. at 6.

---

[2] SXP's suppliers are "BGH GmbH" (a German company) and "Bohler" (an
Austrian company).  See Def.'s Mem. at 5 (citing public website link to SXP's
Section 232 application).  In the Second Decision Memo, BIS incorrectly stated
that BGH GmbH is an Austrian company (rather than a German one) and Bohler is
a German company (rather than an Austrian one).

On July 26, 2020, Commerce issued another revised decision memorandum ("Third Decision Memo"), in which Commerce fixed the prior mistake regarding the supplier countries, but again incorrectly listed the submission date of September 4, 2019, rather than the correct date of April 26, 2019.  Compl. at 3, Ex. 2, ECF No. 2-2.  While SXP sought another corrected decision memo from Commerce, the 180-day protest period pertaining to SXP's liquidated entries ended between September 23, 2020 to November 4, 2020.

On November 4, 2020, SXP filed Protest No. 1703-20111127 to challenge Customs' imposition and collection of Section 232 duties on SXP's five entries.[3] Def.'s Mem. at 7.  SXP concedes that only one of the five entries that its broker protested was within the 180-day statutory time limit set by 19 U.S.C. § 1514(c)(3) in its attempt to recover duties paid on merchandise.  Pl.'s Resp. at 2.  Customs denied the protest on June 3, 2021, determining that SXP's entries were outside the exclusion period.  Compl. at 4; Def.'s Mem. at 7.  Customs' denial of SXP's protest used the incorrect exclusion request date of September 4, 2019 (noted incorrectly in Commerce's Third Decision Memo) rather than the correct date of

---

[3] Defendant notes, and SXP acknowledges, that SXP incorrectly stated the date of submission of its protest as April 26, 2019 in SXP's Complaint in ¶ 19.  See Compl. at 4; Def.'s Mem. at 7 n.3.

April 26, 2019 (the filing date of the first exclusion request, which pre-dated SXP's

entries).  Compl. at 4; Def.'s Mem. at 7.

     SXP challenged the denial of its protest in two separate cases.  The first

challenge was filed in <u>SXP Schulz Xtruded Products LLC v. United States</u>, Court

No. 21-00597, on November 24, 2021, pursuant to 28 U.S.C. § 1581(a).  The

second challenge was filed in the pending action before this Court, with SXP's

Summons and Complaint filed on May 4, 2022, pursuant to 28 U.S.C. § 1581(i).

Both cases covered the same five entries.  On May 11, 2022, Commerce issued its

fourth decision memorandum ("Fourth Decision Memo"), in which Commerce

confirmed the granting of SXP's exclusion request and finally corrected all

relevant information.  Def.'s Mem. at 8.

### B.   Court No. 21-00597

     In Court No. 21-00597, SXP challenged Customs' denial of its protest for

the same five entries at issue in this case pursuant to 28 U.S.C. § 1581(a).

Summons, Court No. 21-00597, ECF No. 1.  On October 11, 2022, the court

approved a Stipulated Judgment proposed by the Parties, which ordered Customs

to reliquidate one entry (the fifth and last entry) that was subject to timely protest

and to refund any Section 232 duties that were subject to the granted exclusion

order.  Order (Oct. 11, 2022), Court No. 21-00597; Pl.'s Resp. at 3.  The Order

also stated that, "[t]he [P]arties agree that the Court lacks jurisdiction pursuant to

28 U.S.C. § 1581(a) for the claims covering the non-stipulable entries [i.e., Entries 1 to 4] . . . and consequently plaintiff abandons all claims for these non-stipulable entries for purposes of this case." Order (Oct. 11, 2022), Court No. 21-00597.

### C.   This Action

SXP challenges Customs' denial of its protest for five entries pursuant to 28 U.S.C. § 1581(i) in this action. In its Complaint, SXP alleges that Commerce's error in the Third Decision Memo, which included the incorrect exclusion filing date of September 4, 2019, violated the Administrative Procedure Act ("APA"). Compl. at 4. SXP also alleges that Commerce's use of the incorrect date resulted in a final decision that violated SXP's statutory rights. Id. at 4. SXP seeks declaratory relief and monetary relief with the refund of duties. Id. at 5.

### DISCUSSION

### I.   Motion to Dismiss Pursuant to USCIT 12(b)(1)

To adjudicate a case, a court must have subject matter jurisdiction over the claims presented. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94–95 (1998). "[W]hen a federal court concludes that it lacks subject matter jurisdiction, the complaint must be dismissed in its entirety." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); USCIT R. 12(h)(3). "[I]f the facts reveal any reasonable basis upon which the non-movant may prevail, dismissal is inappropriate." Airport Road Ass., Ltd. v. United States, 866 F.3d 1346, 1351 (Fed. Cir. 2017) (quoting

Pixton v. B & B Plastics, Inc., 291 F.3d 1324, 1326 (Fed. Cir. 2002)).

### A. Mootness

Defendant moves to dismiss this action pursuant to USCIT 12(b)(1) for

mootness.  See Def.'s Mot. at 1.  Defendant argues that this action is moot because

SXP has already received the only remedy to which it is entitled, which was

Commerce's issuance of the Fourth Decision Memo (correcting all of the relevant

information relating to Commerce's granting of SXP's Section 232 exclusion

request).  Def.'s Mem. at 10–11.  A case becomes moot if "the issues presented are

no longer 'live' or the parties lack a legally cognizable interest in the outcome,"

United States Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980), and must be

dismissed when "it is impossible for a court to grant any effectual relief whatever

to [the plaintiff assuming it prevails]."  Chafin v. Chafin, 568 U.S. 165, 172 (2013)

(citation omitted).

With respect to Entry 5, the Court concludes that this action is moot because

SXP previously received the relief it was seeking when the court ordered Customs

to reliquidate the fifth entry and to refund any Section 232 duties that were subject

to the granted exclusion order.  See Order (Oct. 11, 2022), Court No. 21-00597.

With respect to Entries 1 to 4, SXP seeks a refund of duties paid for the four

remaining entries that it argues should have been covered by Commerce's approval

granting SXP's Section 232 exclusion request, which has not yet been decided by

this Court.  Because a live controversy still exists and relief is not impossible for

the Court to grant, the Court concludes that this action is not moot with respect to

Entries 1 to 4.

### B. Whether the Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. § 1581(i)

SXP seeks to invoke the court's residual jurisdiction pursuant to 28 U.S.C.

§ 1581(i) on its four entries covered by its single protest.  Compl. at 1.  Defendant

seeks dismissal of this action pursuant to USCIT Rule 12(b)(1) for lack of subject

matter jurisdiction.  See Def.'s Mot. at 1.  The party asserting a claim bears the

burden of establishing subject matter jurisdiction, see Wanxiang Am. Corp. v.

United States, 12 F.4th 1369, 1373 (Fed. Cir. 2021), and must allege sufficient

facts to establish jurisdiction, see DaimlerChrysler Corp. v. United States, 442 F.3d

1313, 1318 (Fed. Cir. 2006).  When jurisdiction is asserted under 28 U.S.C. §

1581(i), the party asserting the claim also "bears the burden of showing that

another subsection is either unavailable or manifestly inadequate."  Erwin Hymer

Grp. N. Am., Inc. v. United States, 930 F.3d 1370, 1375 (Fed. Cir. 2019) (citing

Sunpreme Inc. v. United States, 892 F.3d 1186, 1191 (Fed. Cir. 2018)).  In

deciding a motion to dismiss for lack of jurisdiction, the Court is "obligated to

assume all factual allegations to be true and to draw all reasonable inferences in

plaintiff's favor."  Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995).  For

purposes of establishing jurisdiction, "[s]ubstance, not form, is controlling."

Williams v. Sec'y of the Navy, 787 F.2d 552, 557 (Fed. Cir. 1986).

Section 515 of the Tariff Act provides for the administrative review of

protests filed under Section 514 of the Tariff Act, which in turn provides for

protests of Customs' decisions.  19 U.S.C. §§ 1514, 1515.  Section 1514 provides

that "decisions of the Customs Service, including the legality of all orders and

findings entering into the same," including classification, rate of duty, charges or

exactions, and other specified decisions of the Customs Service "shall be final and

conclusive upon all persons (including the United States and any officer thereof)

unless a protest is filed in accordance with this section, or unless a civil action

contesting the denial of a protest, in whole or in part, is commenced in the United

States Court of International Trade."  19 U.S.C. § 1514(a).

The Court is empowered to hear civil actions brought against the United

States pursuant to the specific grants of jurisdiction enumerated under 28 U.S.C.

§ 1581(a)–(i).  In cases in which the specific jurisdictional grants of § 1581(a)–(h)

do not apply, § 1581 contains a residual jurisdictional provision.  See 28 U.S.C.

§ 1581(i).  Pursuant to 28 U.S.C. § 1581(i), the Court possesses jurisdiction to hear

"any civil action commenced against the United States, its agencies, or its officers,

that arises out of any law of the United States providing for . . . tariffs, duties, fees,

or other taxes on the importation of merchandise for reasons other than the raising

of revenue." <u>Id.</u> § 1581(i)(2).  Nevertheless, § 1581(i) "shall not confer

jurisdiction over an antidumping or countervailing duty determination which is

reviewable . . . under Section 516A(a) of the Tariff Act of 1930[, as amended, 19

U.S.C. § 1516a(a)] . . . ." <u>Id.</u> § 1581(i).  "Section 1581(i) embodies a 'residual'

grant of jurisdiction, and may not be invoked when jurisdiction under another

subsection of § 1581 is or could have been available, unless the remedy provided

under that other subsection would be manifestly inadequate." <u>Sunpreme</u>, 892 F.3d

at 1191.  To be manifestly inadequate, an importer's protest must be an "exercise

in futility, or incapable of producing any result; failing utterly of the desired end

through intrinsic defect; useless, ineffectual vain." <u>Hartford Fire Ins. Co. v. United</u>

<u>States</u>, 544 F.3d 1289, 1294 (Fed. Cir. 2008) (citation and internal quotations

omitted).

     Defendant moves to dismiss this action for lack of subject matter jurisdiction

pursuant to USCIT 12(b)(1).  <u>See</u> Def.'s Mot. at 1.  Defendant argues that 28

U.S.C. § 1581(i) does not apply because jurisdiction was available under 28 U.S.C.

§ 1581(a), and asserts that any remedy under 28 U.S.C. § 1581(a) would have been

adequate.  Def.'s Mem. at 15–17.  SXP argues that it lacked the right to submit a

valid protest, so judicial review under 28 U.S.C. § 1581(a) was not available and

any remedy would have been manifestly inadequate.  Pl.'s Resp. at 12.

### 1.     Whether Relief Under 28 U.S.C. § 1581(a) Was Available

The Section 232 exclusion process involves both Commerce (BIS) and Customs.  To obtain a Section 232 exclusion, the importer must first make a request for an exclusion from Commerce for a particular product, and Commerce must grant the exclusion request.  See Submissions of Exclusion Requests and Objections to Submitted Requests for Steel and Aluminum, 83 Fed. Reg. 46,026, 46,043 (Dep't of Commerce Sept. 11, 2018); see also Requirements for Submissions Requesting Exclusions from the Remedies Instituted in Presidential Proclamations Adjusting Imports of Steel into the United States and Adjusting Imports of Aluminum into the United States; and the Filing of Objections to Submitted Exclusion Requests for Steel and Aluminum, 83 Fed. Reg. 12,106, 12,110 (Dep't of Commerce Mar. 19, 2018).

After Commerce grants the exclusion, an importer may submit the granted exclusion request to Customs, requesting that Customs determine that the entries are "within the scope of an approved exclusion request" and that the importer is exempt from paying the Section 232 duties.  Id.  Customs assesses and collects the Section 232 duties.  See 15 C.F.R. § Pt. 705, Supp. 1.  The relevant regulations state that:

> [Commerce] will provide [Customs] with information that will identify each approved exclusion request pursuant to this supplement.

> Individuals or organizations whose exclusion requests are approved
> must report information concerning any applicable exclusion in such
> form as [Customs] may require.  These exclusion identifiers will be
> used by importers in the data collected by [Customs] in order for
> [Customs] to determine whether an import is within the scope of an
> approved exclusion request.

Id.  Here, Customs liquidated the entries and classified the imported merchandise

as entered by SXP under subheading 7218.99.0045 of the Harmonized Tariff

Schedule of the United States ("HTSUS") and assessed 25 percent *ad valorem*

duties under Section 232.  Compl. at Exs. 1–2; Def.'s Mem. at 4.

Relevant to this case, Customs issued a bulletin in the Cargo Systems

Messaging Service ("CSMS") that provided guidance to importers for the specific

situation in which an importer submitted an exclusion request and "a decision on

the requested exclusion(s) has not yet been rendered": "Section 232 . . . exclusions

granted by [Commerce] . . . may be retroactive for unliquidated entries and for

entries that are liquidated but where the liquidation is not final and the protest

period has not expired."  Pl.'s Resp. at Att. 1, ECF No. 20-3 ("CSMS No.

42566154").  SXP, as an importer with a pending exclusion request wishing to

seek a refund of Section 232 duties, had at least two possible courses of action.

First, Customs stated that an importer could request an extension of

liquidation when there is a pending request for a Section 232 exclusion for

unliquidated entries:

> Given the potential retroactive application of Section 232 . . . product
> exclusions, in situations where the importer has requested a product
> exclusion and the request is pending with [Commerce] . . . the importer
> or their licensed representative may submit a request to extend the
> liquidation of impacted unliquidated entry summaries to CBP. . . .
> Approved requests extend the liquidation of an entry summary for one
> year.  When a product exclusion is granted, an importer may submit a
> [post summary correction] to request a refund on the entry
> summary(ies).

CSMS No. 42566154.  While SXP's request for a corrected Section 232 exclusion
was pending, SXP did not submit a request to extend the liquidation of impacted
entries as outlined in Customs' bulletin at CSMS No. 42566154.

> SXP argues that:

> SXP may have been able to request an extension of liquidation as part
> of Customs' administrative mechanism for handling claims for refunds
> of Section 232 duties. . . . But, the existence of that CBP administrative
> process and CSMS notice does not change this Court's exclusive
> jurisdiction over a claim against the United States relating to Section
> 232 actions of the Commerce Department nor does it change the scope
> of this Court's power to fashion an appropriate remedy.

Pl.'s Resp. at 17.  The Court observes that "the existence of that CBP
administrative process" is relevant in this situation: SXP could have filed for an
extension of liquidation with Customs, which would have extended liquidation by
one year (renewable up to three years) and would have allowed SXP to protect its
rights by extending liquidation while SXP waited to obtain the corrected exclusion
approval from Commerce.  See CSMS No. 42566154.  Upon receiving the
corrected exclusion approval from Commerce, SXP could have provided that

information to Customs in order to have the entries liquidated properly with a

Section 232 exclusion applied.  If SXP disagreed with the eventual liquidation at

the end of the extended liquidation period, SXP could have filed a protest and

challenged a protest denial in court under § 1581(a).

Second, Customs also provided relevant guidance for when there is a

pending request for a Section 232 exclusion for liquidated entries:

> If an entry summary is set to liquidate in less than 15 days or has already
> liquidated, the entry summary is beyond the [post summary correction]
> filing period.  However, the importer may file a protest so long as the
> protest is filed within the 180-day period following liquidation of the
> impacted entry summary(ies).

CSMS No. 42566154.  While SXP's request for a corrected Section 232 exclusion

was pending and after SXP's entries were liquidated, SXP could have, but did not,

submit a protest for Entries 1 to 4 within the 180-day period following liquidation

as outlined in Customs' bulletin at CSMS No. 42566154.

SXP argues that:

> The corrected exclusion letter did not exist until after September 23,
> 2020, which is the earliest deadline on which SXP could file a timely
> protest.  The last day on which a timely (yet substantively invalid)
> protest could have been filed one of four affected entries was October
> 14, 2020.  At that time, the then-current version of the exclusion letter
> from BIS showed an incorrect effective date of September 4, 2019,
> making it facially inapplicable to the entries. . . . SXP was unable to file
> a protest to take advantage of the administrative mechanism Customs
> had established to permit claims within the protest period.

Pl.'s Resp. at 16–17.  SXP asserts that it could not have filed a protest by

September 23, 2020 because the information on the Third Decision Memo stated

mistakenly that the granted exclusion applied to entries after September 4, 2019,

which facially did not apply to the four entries made between April and May of

2019.  Id.

The Court notes that by September 23, 2020, when the 180-day protest

period expired for SXP's first and second entries, SXP had three exclusion

decision memos from Commerce, which collectively indicated that Commerce had

granted a Section 232 exclusion for SXP's subject merchandise, effective either on

April 26, 2019 or September 4, 2019, with the supplier companies' locations

reversed as Germany and Austria.  See Def.'s Mem. at 5–6.  While SXP did not yet

have a correct exclusion decision memo from Commerce, SXP could have

nonetheless filed a timely protest to contest the liquidation of its entries.  Under 19

U.S.C. § 1514, SXP could have filed a protest within 180 days contesting the

liquidation of its four entries, thereby preserving its right to contest the protest

denial before this Court under § 1581(a).  See 19 U.S.C. § 1514(a) ("decisions of

the Customs Service, including . . . the liquidation or reliquidation of an entry . . .

shall be final and conclusive upon all persons . . . unless a protest is filed in

accordance with this section"); see 19 U.S.C. § 1514(c)(3) ("A protest of a

decision, order, or finding described in subsection (a) shall be filed with the

Customs Service within 180 days after but not before (A) the date of liquidation or reliquidation . . . .").

The Court notes that Customs' bulletin CSMS No. 42566154 was issued on May 1, 2020, which was after all four entries had liquidated, but at least four months before the 180-day deadline to file a protest for the earliest entries (the first two entries' 180-day deadline was September 23, 2020). SXP was on notice from at least May 1, 2020 when Customs issued bulletin CSMS No. 42566154 that SXP had four months in which to file a timely protest after its entries were liquidated. SXP did not do so. SXP's customs broker filed SXP's protest on November 4, 2020, which was 222 days after liquidation of the first two entries, 208 days after liquidation of the third entry, and 201 days after liquidation of the fourth entry.

Because Section 232 exclusions may only be applied to entries "with respect to which liquidation is not final," Pres. Proc. 9777 of Aug. 29, 2018, cl. 5, 83 Fed. Reg. 45,025, 45,028 (Dep't of Commerce Sept. 4, 2018), importers can only claim Section 232 exclusions for (1) unliquidated entries; (2) unliquidated entries due to a granted request for extension; or (3) liquidated entries that are not final because they are within the 180-day protest period. See 19 U.S.C. § 1514(c)(3); CSMS No. 42566154. SXP's four entries did not fall into any of these categories when it submitted its protest, due to SXP's own actions by failing to file either an extension of liquidation or a timely protest after liquidation.

The Court notes that SXP filed a timely protest 180 days after liquidation of

the fifth entry, and Customs issued a refund of Section 232 duties for that entry.

This fact alone demonstrates that SXP could have filed a timely protest as to

Entries 1 to 4 and SXP could have obtained appropriate relief in the form of a

refund of any Section 232 duties paid.

## 2. Whether Relief Under 28 U.S.C.§ 1581(a) Would Be Manifestly Inadequate

SXP argues that any remedy under 28 U.S.C. § 1581(a) would be manifestly

inadequate because SXP lacked the legal right to submit a valid protest for Entries

1 to 4, "making the prospects for relief under § 1581(a) 'incapable of producing

any result' and generally an exercise in futility."  Pl.'s Resp. at 12.  SXP contends

that its protest did not fall within the scope of a valid protest set out in § 1514

because the "predicate for all protests is . . . a decision of Customs," and even if its

Protest had been timely filed for the four entries, it would not have been a valid

challenge to the liquidations of its entries.  Id.

At the outset, the Court observes the contradiction in SXP's argument that

for Entries 1 to 4, SXP lacked the legal right to submit a valid protest and relief

under § 1581(a) was an exercise in futility, while at the same time for Entry 5, SXP

was able to file a valid protest and obtain a refund of Section 232 duties paid under

§ 1581(a).  The only apparent difference was that SXP filed a timely protest for

Entry 5 and untimely protests for Entries 1 to 4.

SXP attempts to distinguish between Customs' and Commerce's roles in the

Section 232 exclusion process to allege Commerce's exclusive decision-making

role that ultimately led to the denial of a protest.  Id. at 12–15.  SXP contends that

Customs' role was limited to merely executing the exclusion order because

Customs did not determine what merchandise was covered by the exclusion and

did not decide on the correct effective date.  Id. at 15.

Defendant analogizes this case to ARP Materials, Inc. v. United States, 47

F.4th 1370 (Fed. Cir. 2022), in which the U.S. Court of Appeals for the Federal

Circuit ("CAFC") held that the importers, seeking a refund of duties paid under

Section 301, could not invoke the CIT's residual jurisdiction under 28 U.S.C.

§ 1581(i) because a remedy would have available under 28 U.S.C. § 1581(a) if the

importers had filed a timely protest.  ARP Materials, 47 F.4th at 1373.  The Court

finds the CAFC's decision in ARP Materials to be relevant, particularly in the

CAFC's rejection of plaintiffs' argument that they were not required to file protests

because the similar Section 301 exclusion process was the sole decision-making

responsibility of the United States Trade Representative and Customs' involvement

was purely ministerial.  Id. at 1377; see also Env't One Corp. v. United States, 47

CIT __, __, Slip Op. 23-49 at 19 (Apr. 11, 2023) (finding ARP Materials to

provide relevant guidance in determining whether judicial review pursuant to 28

U.S.C. § 1581(a) of Customs' exclusions determinations was "manifestly

inadequate").  The CAFC explained that "the protest procedure cannot be [so]

easily circumvented."  ARP Materials, 47 F.4th at 1378.  The CAFC found that

"Customs made substantive legal determinations—interpreting the HTSUS

subheadings—and factual determinations—determining whether the entries fell

within those subheadings—that it had the authority to make."  Id.  The CAFC held

that had plaintiffs timely protested Customs' classification decisions, jurisdiction

would have been available pursuant to 28 U.S.C. § 1581(a), and because the relief

provided by § 1581(a) was not manifestly inadequate, jurisdiction pursuant to

§ 1581(i) was not available.  Id. at 1379–80.

The Court agrees with Defendant that this action is analogous to ARP

Materials, in that the ARP Materials court recognized that "[t]he obligation to

protest a Customs classification error does not turn on whether it was erroneous *ab

initio* or became erroneous because of retroactive administrative action.  It instead

turns on whether Customs' classification of the importers' entries were protestable

'decisions' under 19 U.S.C. § 1514, and we hold that these classifications were

such protestable 'decisions.'"  Id. at 1379.

Similarly, here Customs liquidated the entries and classified the imported

merchandise as entered by SXP under subheading 7218.99.0045 of the HTSUS and

assessed 25 percent *ad valorem* duties under Section 232.  The Court holds that

Customs' classification was a protestable decision.  SXP could have followed the

guidance provided in Customs' bulletin CSMS No. 42566154 while SXP's

exclusion request was pending, then either filed an extension to prevent liquidation

of Entries 1 to 4, or filed a timely protest within 180 days after liquidation to

prevent the liquidation of Entries 1 to 4 from becoming final, and SXP would then

have been able to receive a refund pursuant to 28 U.S.C. § 1581(a) for Section 232

exclusion duties paid on those entries.  Moreover, the Court holds that the remedy

that SXP could have received pursuant to 28 U.S.C. § 1581(a) would not have been

manifestly inadequate because SXP could have received a refund of any Section

232 duties paid, and such result would not have been "incapable of producing any

result" or "failing utterly of the desired end."  <u>Sunpreme</u>, 892 F.3d at 1193–94.

Because jurisdiction would have been available under 28 U.S.C. § 1581(a) if

SXP had timely protested Customs' classification decisions and because failure to

invoke an available remedy within the timeframe prescribed did not render the

remedy manifestly inadequate, the Court dismisses SXP's Complaint pursuant to

USCIT Rule 12(b)(1) for lack of subject matter jurisdiction.

## II.    Motion to Dismiss Pursuant to USCIT 12(b)(6)

Defendant moves to dismiss SXP's Complaint for failure to state a claim upon which relief may be granted pursuant to USCIT Rule 12(b)(6).  See Def.'s Mot. at 1.  Because the Court is dismissing Defendant's Complaint pursuant to USCIT Rule 12(b)(1) for lack of subject matter jurisdiction, it will not address the Parties' substantive arguments pursuant to USCIT Rule 12(b)(6).

## CONCLUSION

The Court grants Defendant's Motion to Dismiss, grants Plaintiff's Motion for Leave to File Sur-Reply to Clarify the Record, and deems Plaintiff's Sur-Reply filed.  Judgment will issue accordingly.

     /s/  Jennifer Choe-Groves
Jennifer Choe-Groves, Judge

Dated:  April 19, 2023
        New York, New York